UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-51-HAB |
| ) | |
| DETRIC L. CUMMINGS ) | |

**OPINION AND ORDER**

Despite a virtual mountain of case law to the contrary, Defendant now moves to dismiss his indictment under 18 U.S.C. § 922(g)(1) on the grounds that it is unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Defendant's argument has no more merit than the ninety-plus defendants that have hoed the same row in the past. His motion will be denied.

In *Bruen*, the Supreme Court announced a new test for judging the constitutionality of firearm regulations. The Supreme Court rejected the two-step analysis that had emerged following *District of Colombia v. Heller*, 554 U.S. 570 (2008), calling it "one step too many." *Bruen*, 142 S. Ct. at 2127. Instead, the Supreme Court announced the following standard for applying the Second Amendment:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id*. at 2129–30 (quotations omitted).

Defendant has chosen the first step as the hill he will die on, arguing that he is one of "the people" whose right to bear arms is protected by the Second Amendment, regardless of his extensive criminal history. And, to be sure, there is a healthy debate in the case law about who

"the people" are. But that debate is interesting only if you view the law as a zesty academic affair rather than a way to run an ordered society.

*Bruen* is rife with historical observations that would support the constitutionality of crime-based firearm restrictions. *Id*. at 2145 (observing that colonial firearm laws "prohibit bearing arms in a way that spreads 'fear' or 'terror' among the people"); 2150 ("[u]nder the common law, individuals could not carry deadly weapons in a manner likely to terrorize others"); 2152 (citing an 1866 South Carolina law providing "no disorderly person, vagrant, or disturber of the peace, shall be allowed to bear arms"); 2156 (noting that reasonable, well-defined restrictions on firearm possession include those that limit "the intent for which one could carry arms"); 2162 ("nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons and the mentally ill") (quoting *Heller*, 554 U.S. at 626–27). The long list of colonial laws excluding felons from possessing firearms either shows that he is excluded from the protections of the Second Amendment or that § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation. Either is enough to defeat Defendant's motion. To spend judicial resources agonizing over which the Court should hang its hat on is little more than spilled ink. More than ninety judicial opinions bear this out. (ECF No. 48 at 5-7) (collecting cases).

For these reasons, Defendant's motion to dismiss (ECF No. 41) is DENIED.

SO ORDERED on April 20, 2023.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT