UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-51-HAB |
| ) | |
| DETRIC L. CUMMINGS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Government's Motion to Continue Pretrial Motion Cutoff Date, Plea Agreement Deadline, Final Pretrial Conference, and Jury Trial (ECF No. 56) (the "Motion"), filed on August 29, 2023. The pretrial motion cutoff deadline was August 29, 2023; the plea deadline is September 5, 2023; the final pretrial conference is set for September 12, 2023, at 1:00 p.m.; and the four-day jury trial is set to commence on September 26, 2023, at 10:00 a.m. The Government now moves to continue these dates for a period of ninety (90) days. According to the Motion, the parties "are involved in ongoing negotiations to resolve this matter." (ECF No. 56, ¶ 7). The matter will be resolved by the Court now.

At its essence, the issue presented in the Motion is whether ATF Special Agent Andrew Badowski ("SA Badowski") and Brittany Borzych ("Borzych"), forensic scientist for the Indiana State Police, are "essential witnesses" who are "unavailable" during the currently scheduled trial.[1]

---

[1] As additional support for the continuance, the Government included in its motion that their counsel was just reassigned the case from the prior assigned attorney because he is leaving their office. (ECF No. 56). Further, they assert that counsel tested positive for COVID-19 on August 28, 2023 and, as a result will be out of the office for the following 7-10 days. (*Id.*). These provide additional support for the Government's motion and, indeed, the case reassignment may have provided sufficient grounds independently for this Court to grant it. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

This Court concludes that they are and will continue the pretrial motion cutoff date, plea agreement deadline, final pretrial conference, and jury trial.

The Motion posits that the trial date conflicts with the schedule of SA Badowski, who is "on detail to El Paso, Texas until September 30, 2023," and Borzych. (*Id.* at ¶ 5-6). According to the Government, SA Badowski is an essential government witness in that he took photographs and video of one of the residences which was the subject of a search warrant in this case. (*Id.* ¶ 6). The Government further asserts that Borzych is essential because she tested drugs which are the subject of several counts in the indictment. (*Id.* ¶ 5). As a result, the Government claims that a continuance is proper under 18 U.S.C. § 3161(h)(3)(A).

The unavailability of an essential witness is grounds for a continuance and for excluding any delay from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(3)(A). The legislative history on the Speedy Trial Act indicates that an "essential witness" is "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an 'essential witness.'" *United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir. 1983); quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). An essential witness is considered "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

The Court concludes that SA Badowski is akin to the chemist described in the legislative history. Defendant is charged with a violation of 21 U.S.C. § 865(a)(1). The Government must therefore prove that Defendant (1) knowingly (2) opened or maintained a premises (3) for the purpose of manufacturing, distributing, or using a controlled substance. *United States v. Banks*,

987 F.2d 463, 466 (7th Cir. 1993). SA Badowski's testimony goes directly to the second and third elements. Since no individual other than SA Badowski can currently present his testimony, the Court concludes that he qualifies as an essential witness. *See also United States v. Allen*, 235 F.3d 482 (10th Cir. 2000) (finding that agent who would testify that the defendant's weapon met the definition of a firearm was an essential witness). The Court also concludes that SA Badowski is unavailable for trial due to his pre-scheduled obligations in Texas.

So too is Borzych's testimony essential. Defendant is also charged under 21 U.S.C. 841(a)(1) which requires the Government to prove "(1) knowing or intentional possession of a substance with (2) the intent to distribute it, and (3) knowledge that the material is a controlled substance." *United States v. Brown*, 973 F.3d 667, 697-98 (7th Cir. 2020). As such, the Government cannot meet their burden without proving the existence of a controlled substance. Borzych is the forensic scientist who tested and determined the character of the alleged substances for which Defendant is now charged. She is essential to the Government's case in chief as well. *See Marrero*, 705 F.2d at 656. Accordingly, the Court concludes that a continuance to secure the testimony of Borzych and SA Badowski is appropriate.

The Government has demonstrated that it is entitled to a continuance of the length requested. Additional support comes from the fact that the Government's counsel was just reassigned the case from the prior assigned attorney because he is leaving their office. *See* 18 U.S.C. §3161(h)(7)(B)(iv). An additional ninety (90) days is warranted in light of the fact that the Government's new counsel will have to familiarize themselves with the case, develop their strategy, and prepare for trial. This hurdle, along with the unavailability of witnesses, gives this Court ample justification to grant the Motion.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Continue Pretrial Motion Cutoff Date, Plea Agreement Deadline, Final Pretrial Conference, and Jury Trial (ECF No. 56) is GRANTED. The August 29, 2023 pretrial motion cutoff date is continued to December 12, 2023. The September 5, 2023 plea deadline is continued to December 19, 2023. Any reports required under FRCP 16(a)(1)(G) must be exchanged on or before December 26, 2023. The September 12, 2023, in person pretrial conference is continued to December 26, 2023 at 11:30 a.m. The September 26, 2023 trial setting is continued to January 9, 2024 at 10:00 a.m.

SO ORDERED on September 5, 2023.

                                       s/ Holly A. Brady
                                       CHIEF JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT