UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-51-HAB |
| ) | |
| DETRIC L. CUMMINGS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Government's Motion to Continue Pretrial Motion Cutoff Date, Plea Agreement Deadline, Final Pretrial Conference, and Jury Trial (ECF No. 62) (the "Motion"), filed on December 12, 2023. The pretrial motion cutoff deadline is December 12, 2023; the plea deadline is December 19, 2023; the final pretrial conference is set for December 26, 2023, at 1:00 p.m.; and the four-day jury trial is set to commence on January 9, 2024, at 10:00 a.m. The Government now moves to continue these dates for a period of sixty (60) days. The Government filed a Supplement Motion to Continue (ECF No. 63) on December 13, 2023, which noted that Defendant objects to the Motion. (ECF No. 63). Despite Defendant's objection, the Motion will be GRANTED.

At its essence, the issue presented in the Motion is whether ATF Special Agent Nichole Marquez ("SA Marquez"), evidence technician, is an "essential witness" who is "unavailable" during the currently scheduled trial. This Court concludes that she is and will continue the pretrial motion cutoff date, plea agreement deadline, final pretrial conference, and jury trial.

The Motion posits that the trial date conflicts with the schedule of SA Marquez who will be on military leave and will not return until after December 18, 2023. (ECF No. 62, ¶ 5). No

specific date of return is known at this point. (*Id.*). According to the Government, SA Marquez is an essential government witness in that she was the evidence technician responsible for the evidence collected from a location relevant to Count 8 of the Indictment. (*Id*. at ¶¶ 2-3). As a result, the Government claims that a continuance is proper under 18 U.S.C. § 3161(h)(3)(A).

The unavailability of an essential witness is grounds for a continuance and for excluding any delay from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(3)(A). The legislative history on the Speedy Trial Act indicates that an "essential witness" is "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an 'essential witness.'" *United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir. 1983); quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). An essential witness is considered "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

The Court concludes that SA Marquez is akin to the chemist described in the legislative history. Count 8 of the Indictment (ECF No. 15 at 8) charges Defendant with a violation of 21 U.S.C. § 856(a)(1). The Government must therefore prove that Defendant (1) knowingly (2) opened or maintained a premises (3) for the purpose of manufacturing, distributing, or using a controlled substance. *United States v. Banks*, 987 F.2d 463, 466 (7th Cir. 1993). SA Marquez's testimony goes directly to the third element. Since no individual other than SA Marquez can currently present her testimony, the Court concludes that she qualifies as an essential witness. *See also United States v. Allen*, 235 F.3d 482 (10th Cir. 2000) (finding that agent who would testify that the defendant's weapon met the definition of a firearm was an essential witness). The Court

also concludes that SA Marquez is unavailable for trial due to her military obligations. Accordingly, the Court concludes that a continuance to secure the testimony of SA Marquez is appropriate.

The Government has demonstrated that it is entitled to a continuance of the length requested. Additional support comes from the unavailability of the Government's Counsel from December 18, 2023, until January 2, 2024.[1] *See* 18 U.S.C. §3161(h)(7)(B)(iv). An additional sixty (60) days is warranted in light of the fact that the Government needs additional time to review with SA Marquez her involvement in this case and the evidence recovered from the relevant location. This hurdle, along with Counsel's unavailability, gives this Court ample justification to grant the Motion.

## CONCLUSION

For the foregoing reasons, the Government's Motion and Supplemental Motion to Continue Pretrial Motion Cutoff Date, Plea Agreement Deadline, Final Pretrial Conference, and Jury Trial (ECF Nos. 62, 63) are GRANTED. The December 12, 2023 pretrial motion cutoff date is continued to February 13, 2024. The December 19, 2023 plea deadline is continued to February 20, 2024. Any reports required under FRCP 16(a)(1)(G) must be exchanged on or before February 27, 2024. The December 26, 2023, in person pretrial conference is continued to February 27, 2024 at 2:00 PM. Counsel only to appear. The January 9, 2024 trial setting is continued to March 12, 2024 at 10:00 AM.

SO ORDERED on December 14, 2023.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] The Government's counsel also indicated that she would likely be unavailable on January 12, 2024, because there will be a ceremony dedicating a conference room to Counsel's father at this Courthouse. It is unlikely that the scheduled trial would conclude before January 12, 2024, as multiple chemists and other witness are involved in this case whose presence will be required absent a stipulation from Defendant.