UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-CR-00051-HAB-SLC |
| ) | |
| DETRIC CUMMINGS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Government's Amended Motion to Continue Trial (ECF Nos. 91) (the "Motion"), filed on September 25, 2024. The pretrial motion cutoff deadline is October 15, 2024; the plea deadline is October 22, 2024; the final pretrial conference is set for October 29, 2024, at 2:00 p.m.; and the four (4) day jury trial is set to commence on November 12, 2024, at 10:00 a.m. (ECF No. 89). The Government is asking for trial to be continued until November 5, 2024, or after January 7, 2025. The Government's request is based on the unavailability of ATF Special Agents ("SA") Nichole Marquez, Thomas Kaiser, and Robert Ballinger who they contend are essential witnesses. The Defendant has no objection to a continuance. The parties understand that the period of delay resulting from this continuance will be excluded under the Speedy Trial Act.

According to the Motion, the trial date conflicts with the schedule of SA Marquez, Kaiser, and Ballinger who will be attending mandatory training from November 12 until November 14, 2024. (ECF No. 91). SA Marquez was the evidence technician responsible for the evidence collected from a location relevant to Count 8 of the Indictment; SA Kaiser conducted the interstate nexus examination of a firearm involved in this case; and SA Ballinger is the assigned case agent.

(*Id*.). As a result, the Government claims that a continuance is proper under 18 U.S.C. §3161(h)(3)(A).

The unavailability of an essential witness is grounds for a continuance and for excluding any delay from the Speedy Trial calculation. *See* 18 U.S.C. § 3161(h)(3)(A). The legislative history on the Speedy Trial Act indicates that an "essential witness" is "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an 'essential witness.'" *United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir. 1983); quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). An essential witness is considered "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

The Court concludes that SA Marquez, Kaiser, and Ballinger are akin to the chemist described in the legislative history. Since no individual other than these agents can currently present their testimony and without any stipulation removing the need for their testimony, SA Marquez, Kaiser, and Ballinger qualify as essential witnesses. *See United States v. Allen*, 235 F.3d 482 (10th Cir. 2000) (finding that agent who would testify that the defendant's weapon met the definition of a firearm was an essential witness). The Court also concludes that SA Marquez, Kaiser, and Ballinger are unavailable for trial due to their mandatory training. A continuance of the trial and related deadlines is proper.

## CONCLUSION

For the foregoing reasons, the Government's Amended Motion to Continue Trial (ECF No. 91) is GRANTED. All trial-related deadlines and hearing dates are VACATED. The final pretrial

conference is RESET to January 14, 2025 at 11:00 AM before Chief Judge Holly A. Brady. Counsel only to appear. The four (4) day jury trial is RESET to begin on January 28, 2025 at 10:00 AM before Chief Judge Holly A. Brady. Any reports required under FRCP 16(a)(1)(G) must be exchanged on or before January 14, 2025. The deadline for parties to file a plea agreement is January 7, 2025. The deadline for parties to file a plea without a plea agreement is December 31, 2024. The deadline for parties to file pretrial motions or a motion to continue trial-related deadlines is December 31, 2024. A defense motion must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, and an indication of agreement by the Defendant and the position of Co-Defendants, if any.

The period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act, 18 U.S.C. §3161(h)(3)(A).

SO ORDERED on October 2, 2024.

 s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT